```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JB EXPLORATION I, LLC,
JAY-BEE OIL & GAS, INC.,
JAY-BEE PRODUCTION COMPANY, and
JAY-BEE ROYALTY, LLC,

      Petitioners,

  v.                             CIVIL NO. 1:23-CV-27
                                        (KLEEH)
THE ANTHONY MATTHEW GOFFI
IRREVOCABLE TRUST,

      Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]**
**AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

On February 14, 2022, Arbitrator James J. Rowe (the "Arbitrator") entered an award in favor of Respondent and against Petitioners in American Arbitration Association Case No. 01-22-0000-5628. Petitioners have moved this Court to vacate the award, and Respondent has moved to confirm it. For the reasons discussed below, the Court **DENIES** the petition to vacate and **GRANTS** the motion to confirm.

## I.   BACKGROUND

The Respondent, The Anthony Matthew Goffi Irrevocable Trust ("Respondent"), alleged in the underlying arbitration proceeding that the Petitioners, JB Exploration I, LLC, Jay-Bee Oil & Gas, Inc., Jay-Bee Production Company, and Jay-Bee Royalty, LLC

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

("Petitioners") breached three oil and gas leases.  The Arbitrator issued an award in favor of Respondent on February 14, 2022.  Petition, Exh. A (Award), ECF No. 1-12.  Petitioners now challenge that award.

The motions are fully briefed in accordance with the Court's schedule.  Upon consideration, the Court finds good cause to grant and hereby does **GRANT** Petitioners' motion for leave to file a sur-reply [ECF No. 43].  The proposed sur-reply is deemed **FILED** as a sur-reply and need not be separately filed by the Clerk.

## II.  FACTS

As discussed, Petitioners and Respondent are parties to three oil and gas leases.  Most relevant here is the first of the three leases (the "First Goffi Lease"), which is the only lease that contains a market enhancement clause.

### The First Goffi Lease

The First Goffi Lease is a "proceeds lease" under which Petitioners are to pay Respondent "on actual volumes of gas sold from said land, 18% of the net amount realized by [Petitioners] computed at the wellhead."  Petition, Exh. B (First Goffi Lease), ECF 1-13, at 6 (JB-GOFFI-0017990).  The "net amount realized by [Petitioners], computed at the wellhead" is defined as "the gross proceeds received by [Petitioners] from the sale of oil and gas

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

minus post-production costs incurred by [Petitioners] between the wellhead and the point of sale." Id.

The addendum to the First Goffi Lease contains a market enhancement clause:

> It is agreed between the [Respondent] and [Petitioners] that, notwithstanding any language herein to the contrary, all oil, gas or other proceeds accruing to the [Respondent] under this lease or by state law shall be without deduction, directly or indirectly, for the cost of producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas and other products produced hereunder to transform the product into marketable form; however, any such costs which result in enhancing the value of the marketable oil, gas or other products to receive a better price may be deducted from [Respondent's] share of production so long as they are based on [Petitioners'] actual cost of such enhancements. However, in no event shall [Respondent] receive a price that is less than, or more than, the price received by [Petitioners].

Id. at 11 (JB-GOFFI-0017995). The market enhancement clause is identical to a clause recently analyzed by the United States Court of Appeals for the Fourth Circuit in Corder v. Antero Resources Corporation, 57 F.4th 384 (4th Cir. 2023). Petition, ECF No. 1, at ¶ 1.

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

**The Arbitration Proceeding**

In the arbitration proceeding, Respondent contended that Petitioners breached the leases by (1) failing to properly allocate and account for Respondent's share of the volumes produced and (2) improperly deducting post-production costs. Petition, Exh. C (Demand for Arbitration), ECF No. 1-14. On August 8, 2022, Respondent moved for summary judgment. Petition, Exh. D (MSJ), ECF No. 1-15. In its motion, Respondent relied in part on the district court's opinion in Corder, noting how the lease language was identical. Id. At the time, Corder had been appealed, but the Fourth Circuit had not yet issued an opinion.

Under West Virginia law, the cases of Wellman,[1] Tawney,[2] and Kellam[3] govern the question of whether a lessee may deduct post-production expenses under applicable lease language. None of those cases, however, analyzes a market enhancement clause. At issue in Corder was whether the market enhancement clause satisfied the second requirement in Tawney: that a lease "identify with particularity the specific deductions the lessee intends to

---

[1] Wellman v. Energy Res., Inc., 557 S.E.2d 254 (W. Va. 2001).
[2] Estate of Tawney v. Columbia Natural Res., LLC, 633 S.E.2d 22 (W. Va. 2006).
[3] SWN Prod'n Co., LLC v. Kellam, 875 S.E.2d 216 (W. Va. 2022).

Case 1:23-cv-00027-TSK   Document 45   Filed 02/26/24   Page 5 of 14   PageID #: 1514

JAY-BEE V. GOFFI                                                         1:23-CV-27

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]**
**AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

take[.]" Corder, 57 F.4th at 398 (citing Tawney, 633 S.E.2d at 24).

On September 9, 2022, in a motion unrelated to Corder, Petitioners filed a motion to continue the final evidentiary hearing. Mot. to Confirm, Exh. H (Mot. to Continue), ECF No. 28-5. The Arbitrator granted the request and continued the hearing until November 29, 2022. Mot. to Confirm, ECF No. 28, at ¶ 11. On October 4, 2022, the Arbitrator granted Respondent's motion for summary judgment relating to Petitioners' ability to deduct post-production expenses. Petition, Exh. E (MSJ Ruling), ECF No. 1-16.

On November 14, 2022, upon the parties' request, the Arbitrator issued an order clarifying his summary judgment ruling, finding that the market enhancement clause did not satisfy the requirements of West Virginia law. Petition, Exh. F (Clarifying Order), ECF No. 1-17. Just as the district court found in Corder, the Arbitrator found that Petitioners were "prohibited from deducting from [Respondent's] royalty any post-production expenses incurred between the wellhead and point of sale." Id. In reaching this conclusion, the Arbitrator noted that the First Goffi Lease's market enhancement clause was "nearly identical" to the clause in

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]**
**AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

Corder, and he relied extensively on the district court's opinion in Corder. Id.

After clarification of the summary judgment ruling, and based upon the Arbitrator's express reliance on the Corder district court's decision, Petitioners moved for another continuance of the final evidentiary hearing — this time, because the Fourth Circuit's decision in Corder was "expected any day." Petition, Exh. G (Mot. for Continuance), ECF No. 1-18. Petitioners argued that the Fourth Circuit's ruling would have a material impact on arguments and evidence presented at the final hearing. Id. They argued that failure to postpone would cause undue prejudice if the Arbitrator prohibited presentation of material evidence. Id. During a telephonic hearing on November 18, 2022, the Arbitrator made it clear that Petitioners could present any evidence that they felt was necessary. Mot. to Confirm, ECF No. 28, at 15. Petitioners conceded that Wellman and Tawney were mandatory authorities and that Corder would not redefine West Virginia law. Id. The Arbitrator denied the motion to continue. Id. The final evidentiary hearing was then held from November 29 to December 1, 2022. Petition, Exh. A (Award), ECF No. 1-12.

On January 5, 2023, the Fourth Circuit issued its opinion in Corder, reversing the district court's summary judgment ruling and

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]**
**AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

finding the market enhancement clause compliant with the requirements of Tawney.  See Corder, 57 F.4th 384.  The court found that the market enhancement clause includes an "enumerated list of post-production costs from royalties," and "the parties' intent to share specific post-production costs in specific circumstances is clear from the lease terms."  Id. at 400-01 (citation and quotation marks omitted).  The court found that the market enhancement clause "unambiguously provides that [the operator] may deduct costs that enhance the value of the product it sells, but only after that particular product becomes marketable."  Id. at 399.  Petitioners and Respondent had the opportunity to incorporate the Fourth Circuit's ruling into their closing briefs.

On February 14, 2023, Petitioners filed a motion to reconvene the final evidentiary hearing in light of the Fourth Circuit's ruling.  Petition, Exh. H (Mot. to Reconvene), ECF No. 1-19.  The motion was denied, and the Arbitrator's award was issued that day.  Petition, Exh. I (Denial), ECF No. 1-20; Petition, Exh. A (Award), ECF No. 1-12.  In the award, the Arbitrator found that "Judge Thacker's concurring/dissenting opinion in the Corder appeal more accurately applied apposite West Virginia case law," and, thus, "there [was] no basis for reconsideration of [the] . . . previous rulings."  Petition, Exh. A (Award), ECF No. 1-12.  The award

Case 1:23-cv-00027-TSK   Document 45   Filed 02/26/24   Page 8 of 14   PageID #: 1517

JAY-BEE V. GOFFI                                                1:23-CV-27
**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

requires Petitioners to pay Respondent damages of $3,228,246.79 and more.  Id.

### III. DISCUSSION

The parties agree that this dispute is governed by the Federal Arbitration Act ("FAA").  See Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995).  The Court confirms the award because (1) the Arbitrator did not engage in misconduct by denying a motion to postpone the final evidentiary hearing, and (2) the award does not rest upon a "manifest disregard" of West Virginia law.

**A.   The Arbitrator did not engage in misconduct pursuant to Section 10 of the FAA by refusing to postpone the final evidentiary hearing.**

Under Section 10 of the FAA, the Court may vacate an arbitration award in the following situations:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that

Case 1:23-cv-00027-TSK   Document 45   Filed 02/26/24   Page 9 of 14   PageID #: 1518

JAY-BEE V. GOFFI                                                    1:23-CV-27

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

> a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

When considering whether an arbitrator's decision to deny postponement constitutes misconduct, the inquiry is "not whether this Court might have exercised its discretion to grant a postponement under the relevant circumstances, but whether the arbitrator's decision to deny the continuance was unreasonable or an abuse of discretion." Equitas Disability Advocates, LLC v. Daley, Debofsky & Bryant, P.C., 177 F. Supp. 3d 197, 215 (D.D.C. 2016). "[I]f the failure of an arbitrator to grant a postponement or adjournment results in the foreclosure of the presentation of 'pertinent and material evidence,' it is an abuse of discretion." Naing Int'l Enters., Ltd. V. Ellsworth Assocs., Inc., 961 F. Supp. 1, 3 (D.D.C. 1997) (citation omitted).

Here, Petitioners argue that the Arbitrator engaged in misconduct by refusing to postpone the final evidentiary hearing until after the Fourth Circuit issued its decision in Corder. Prior to Corder, there was no instructive West Virginia case law interpreting a market enhancement clause. Petitioners argue that if the Arbitrator had postponed the hearing until after the Fourth Circuit's decision, Petitioners would have had that guidance in presenting their defenses and proffering evidence related thereto.

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

The Arbitrator also would have had time to analyze and apply the Fourth Circuit's findings. Instead, the Arbitrator refused to postpone the hearing, refused to revisit his prior rulings, and decided that the dissenting opinion was more compelling than the majority. Respondent, on the other hand, points out that the hearing had already been continued once. Further, Petitioners were allowed to present any evidence they wished to present, and Petitioners had conceded that Corder would not redefine West Virginia law.

The Court agrees with Respondent here. Petitioners wanted the benefit of additional persuasive — not mandatory — authority in making their presentation. They were not deprived of the opportunity to present evidence. The Arbitrator ultimately considered the Fourth Circuit's ruling and found the concurrence/dissent more compelling, which he was free to do. Moreover, this was the second extension requested by Petitioners, and the request was indefinite; while Petitioners believed the opinion was due any day, no one knew when it would issue. Again, the opinion Petitioners were waiting for was not a binding one. It was not unreasonable or an abuse of discretion for the Arbitrator to move forward with the case and deny the second

Case 1:23-cv-00027-TSK   Document 45   Filed 02/26/24   Page 11 of 14 PageID #: 1520

JAY-BEE V. GOFFI                                                1:23-CV-27
**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

requested continuance. For these reasons, vacating the award under Section 10 of the FAA is not warranted.

**B. Because Corder was not binding precedent in the arbitration proceeding, the award does not rest upon a manifest disregard of West Virginia law.**

"In addition to the very narrow statutory grounds for vacating an arbitral award found in 9 U.S.C. § 10(a), [the Fourth Circuit] [has] recognized, either 'as an independent ground for review or as a judicial gloss on the [narrow] enumerated grounds for vacatur set forth' in § 10(a), that a district court may vacate an arbitral award that rests upon a 'manifest disregard' of the law." Warfield v. Icon Advisers, Inc., 26 F.4th 666, 669 (4th Cir. 2022) (citing Wachovia Secs., LLC v. Brand, 671 F.3d 472, 483 (4th Cir. 2012)). In deciding whether an award rests upon a manifest disregard of the law, the Court applies a very deferential standard of review:

> "A court may vacate an arbitration award under the manifest disregard standard only when a plaintiff has shown that: (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." Jones v. Dancel, 792 F.3d 395, 402 (4th Cir. 2015).
>
> The party seeking to vacate an arbitration award bears a "heavy burden." Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 235 (4th Cir. 2006) (quoting Remmey, 32 F.3d at 149). A "court will set [the arbitral]

Case 1:23-cv-00027-TSK Document 45 Filed 02/26/24 Page 12 of 14 PageID #: 1521

JAY-BEE V. GOFFI 1:23-CV-27

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

> decision aside only in very unusual circumstances." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Limited judicial review is "needed to maintain arbitration's essential virtue of resolving disputes straightaway." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 588, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). A more searching review would "'render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process' and bring arbitration theory to grief." Id. (alteration and citations omitted) (quoting Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 998 (9th Cir. 2003)). "When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree." Wachovia, 671 F.3d at 478 n.5.

Interactive Brokers LLC v. Saroop, 969 F.3d 438, 442–43 (4th Cir. 2020).

To demonstrate that "the disputed legal principle is clearly defined and is not subject to reasonable debate," the party challenging the award must have presented to the arbitrators "binding precedent requiring a contrary result." Warfield (citing Jones, 792 F.3d at 402-03). "'[A] district or appellate court is limited to determin[ing] whether the arbitrator[] did the job [he] [was] told to do — not whether [he] did it well, or correctly, or reasonably, but simply whether [he] did it." Three S Del., Inc.

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

v. DataQuick Info Sys., 492 F.3d 520, 527 (4th Cir. 2007) (quoting Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994)).

Petitioners argue that the award rests upon a manifest disregard of the law because the Arbitrator refused to follow the majority opinion in Corder and found that the concurring/dissenting opinion was more accurate. Respondent argues that the Arbitrator gave due regard to Wellman, Tawney, and Kellam, the substantive and mandatory law of West Virginia, and Corder is only persuasive authority.

Again, the Court agrees with Respondent. The parties here agree that West Virginia law governs interpretation of the leases. As much as Petitioners may wish that the Arbitrator would have agreed with the majority opinion in Corder, he was not obligated to do so. The Fourth Circuit's decision in Corder was not binding precedent. As such, the award does not rest upon a manifest disregard of West Virginia law. The Arbitrator was free to find the district court opinion more applicable, and he did. Put simply, the Arbitrator did his job. This Court is not tasked with deciding whether the result was correct. For these reasons, the Court confirms the arbitration award in this case.

Case 1:23-cv-00027-TSK   Document 45   Filed 02/26/24   Page 14 of 14   PageID #: 1523

**JAY-BEE V. GOFFI** 1:23-CV-27

**MEMORANDUM OPINION AND ORDER
DENYING PETITION TO VACATE ARBITRATION AWARD [ECF NO. 1]
AND GRANTING MOTION TO CONFIRM [ECF NO. 28]**

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- The motion for leave to file sur-reply is **GRANTED** [ECF No. 43];

- The proposed sur-reply is deemed **FILED** as a sur-reply and need not be separately filed by the Clerk;

- The petition to vacate is **DENIED** [ECF No. 1];

- The motion to confirm is **GRANTED** [ECF No. 28];

- This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

- The Clerk shall enter a separate judgment order in favor of Respondent.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: February 26, 2024

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA